**TAVERNS FOR TOTS, Plaintiff**

v.

**CITY OF TOLEDO, et al., Defendant**

**No. 3:04CV7030.**

United States District Court,
N.D. Ohio,
Western Division.

Jan. 27, 2004.

Steven C. Hales, Lydy & Moan, Sylvania, OH, for Taverns for Tots, Inc.

Adam W. Loukx, City of Toledo, Department of Law, Barbara E. Herring, City of Toledo, Department of Law, Keith A. Wilkowski, Vassar, Dills & Dawson, Toledo, OH, for City of Toledo, Jack Ford, Mayor.

## ORDER

CARR, District Judge.

This case came on for hearing on plaintiff's motion for temporary restraining order and defendant-counterplaintiffs motion for a temporary restraining order.

The City of Toledo has adopted the Clean Indoor Air Act of 2003, Toledo Municipal Code § 1779 et seq., which, inter alia, prohibits smoking in places of eating establishments and bars.. A constitutional challenge brought by several owners of such establishments to the validity of that ordinance recently was unsuccessful. *D.A.B.E., Inc. v. City of Toledo,* 292 F.Supp.2d 968 (N.D.Ohio 2003).

Thereafter, the plaintiff organization, Taverns for Tots, was formed, ostensibly as a not for profit association whose members pay a one dollar lifetime membership fee. By doing so, according to the plaintiff, the gatherings of such members become either assemblies of the members of a private club or private social functions.[1] If so, their gatherings are exempt under specific exceptions to the Toledo Ordinance—so that persons so gathered and assembled can smoke in bars and restaurants where otherwise the Ordinance would bar them from doing so.

The ordinance requires entities seeking exemptions to apply for and be granted such exemption. T.M.C. § 1779.04. The City represents that procedures have been implemented to enable the Division of Environmental Services to review and grant or deny such applications.

---

1. Section 1779.02 of the Toledo Municipal Code provides that smoking is prohibited in "eating establishments" and "bars," excluding portions to which "members of the general public are not normally provided." A "public place" under § 1779.01(p) is "that portion of any enclosed indoor area to which members of the general public are invited or in which members of the general public are permitted." An exemption to the Act is provided in § 1779.04(a)(i) for "an entire room or hall which is being used by a membership association or for a private social function, provided that the event is under the control of the sponsor of the function, [and] the general public is not invited." A "private social function," though otherwise undefined, cannot oc-

cur in a place were "members of the general public are invited or in which members of the general public are permitted." A "membership association" is defined generally in § 1779.01(k) as "a not for profit entity which has been created or organized for a charitable, ..., or other similar purpose and which is registered with the division of environmental services in accordance with the rules of the division. In determining whether such entity is a 'membership association,' the division of environmental services shall consider, but need be limited to [several factors]." For purposes of this order, these provisions, when read *in para materia,* do not appear void for vagueness.

Taverns for Tots brought this suit in the Lucas County, Ohio, Court of Common Pleas, alleging, inter alia, violations of the rights of assembly, association, and free speech of its putative members. The City of Toledo removed the case to this court and filed a countercomplaint. That countercomplaint, inter alia, alleges that the plaintiff is a sham created to evade the strictures and enforcement of the Clear Indoor Air Act. The City also contends that, in any event, and regardless of the bona fides of the plaintiff, it is not entitled to the benefits of the exemptions which it asserts because they have not, as the Ordinance requires, filed and application for an exemption under those categories.

Plaintiff seeks a temporary restraining order barring enforcement of the provisions of the Act pending its challenge to the requirement that it apply for and obtain an exemption under the Act. Plaintiff contends that the Act is void for vagueness and that its application process violates its rights to due process of law and equal protection.[2]

The City seeks a temporary restraining order under its Ordinance, which is incorporated as part of the City's Air Pollution Code, Title III of the Toledo Municipal Health Code, prohibiting Taverns for Tots, Inc., its directors, officers, employees, agents, and all persons acting in active concert with them, including owners of eating establishments and bars, from conducting events at such places where smoking occurs in violation of the Toledo Clean Indoor Air Act, unless and until the plaintiff applies for an exemption either as a "Membership Association" or otherwise under the Act, and is certified as such Membership Association by the City of Toledo Division of Environmental Services.

■ To prevail on its request, the City must show likelihood of success, irreparable harm, a favorable balance of the harms, and effect on the public interest.

■ At its heart, the City's contention is that Taverns for Tots is a sham designed and implemented to circumvent the City's otherwise lawful enforcement of its ordinance barring smoking in places of eating establishments and bars. It appears highly likely that the City will prevail on that contention.

The City contends that irreparable harm will be caused to the health and welfare of other patrons at places of eating establishments and bars if enforcement of its ordinance is frustrated by the plaintiff. This is an important consideration, even though, the City granted extensions to such establishments to comply with the ordinance by constructing separate enclosed smoking areas. Some such places have done so. Such extensions, having been granted as a matter of accommodation to the interests of the owners of such places, having now lapsed, the City can properly seek to enforce an ordinance of significant public benefit.[3]

2. I find that there is little likelihood of success with regard to plaintiff's challenge to the Act as void for vagueness. There is presently no basis for concluding that the procedures to be implemented will violate due process or equal protection. My views with regard to the irreparability of the harms, balance of the harms, and public interest are discussed *infra*.

3. I take note of the undisputed testimony about the public health risks from second hand smoke in the earlier proceedings in *D.A.B.E., Inc., supra*. The fact that the City allowed a relatively brief period for the owners of eating establishments and bars to come into compliance with the "smoking lounge" provision of the ordinance is not a basis for disregarding that evidence, or for not finding that the City's interests will be harmed if the restraining order it seeks is denied.

The City also contends that irreparable harm will arise from the perpetuation of the sham as transparent as that which it contends the plaintiff has implemented, and the open encouragement to disregard the City's duly enacted and enforceable laws that allegedly accompanies such implementation.

I agree that, to the extent that the City is likely to prevail in its basic contention about the sham nature of the plaintiff organization, to disregard such nature would give rise to the potential of the harm which the City perceives arising from open, continuous, willful, and notorious resistance to its otherwise lawful efforts to uphold its statutes.

With regard to the balance of the harms, I find that the harm to plaintiff is negligible, because a restraining order affects no fundamental constitutional rights, such as those of assembly, association, or speech. Such order simply prohibits violation of what otherwise appears to be a lawful and enforceable ordinance. Taverns for Tots can continue to solicit members, collect its dues, and contribute to charities. But where the putative association's activities occur in eating establishments and bars covered by the Toledo Act, those activities cannot be accompanied by violations of the Act—i.e., smoking—until such time as plaintiff has qualified for an exemption from the Act's requirements.

If the City does not prevail, and if its contentions are not supported, or even if supported, are without legal effect due to defects (not presently apparent to the undersigned) in its ordinance or its regulatory mechanism, the harm to the plaintiff from the restraining order is imperceptible. All that has been lost to it is the ability of its putative members to smoke in violation of the law.

Failure to bar the plaintiff's activities in eating establishments and bars until it has sought and qualified for an exemption would harm the non-smoking population of Toledo, which would continue to be subject to the harmful effects of environmental tobacco smoke, as established in the earlier proceedings before the undersigned. In addition, the enforcement mechanism set in place by the ordinance would be frustrated. This has become of greater significance than in the previous case in view of the apparent sham nature of the plaintiff organization.

The public interest clearly favors granting the restraining order. If the City prevails on its contentions about the nature and purpose of the plaintiff-i.e., a sham intended to permit widespread and flagrant violation of its Clean Indoor Air Act—the public interest in enforcement of lawful statutes will have been defeated. Others unhappy with other provisions of the law may be induced to seek other dubious means of circumventing lawful restrictions on their conduct.

In light of the foregoing, it is

ORDERED THAT

1. Taverns for Tots, Inc., its directors, officers, employees, agents, members, and all persons acting in active concert with them, including owners of establishments, including "bars" and "eating establishments", as defined in Toledo Municipal Code § 1779.01, be and hereby are temporarily restrained and enjoined from conducting events at such establishments where smoking occurs in violation of the Toledo Clean Indoor Air Act of 2003, Toledo Municipal Code § 1779 et seq., unless and until the plaintiff applies for and is granted an exemption either as a "Membership Association" or otherwise under § 1779.04 of the Act, and is certified as such Membership Association or as otherwise exempt by the City of Toledo Division of

Environmental Services; forgoing conditioned on posting by Defendant–Counterplaintiff of bond in the amount of $100.00;

2. Plaintiff's motion for temporary restraining order be, and the same hereby is denied, without prejudice; and

3. Hearing on cross-motions for preliminary and/or permanent injunction set for Thursday, February 5, 2003, commencing at 8:30 a.m.

So ordered.